UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY B. BARNO,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID LOPEZ, *et al.*,<br><br>    Defendants. | Case No. 1:16-cv-00576-RRB<br><br>**<u>DISMISSAL ORDER</u>** |

Rodney B. Barno, a California state prisoner appearing *pro se* and *in forma pauperis*, has filed this action under the Civil Rights Act, 42 U.S.C. § 1981, and the Declaratory Relief Act, 28 U.S.C. §§ 2201, 2202, against various officials employed by the California Department of Corrections and Rehabilitation.[1] Barno's action arises out of his incarceration at the California Substance Abuse Treatment Facility–Corcoran ("CSATF"). Barno is currently incarcerated at the California State Prison, Soledad.

## I. BACKGROUND/PRIOR ORDER

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] Upon screening Barno's original Complaint, found that Claim One against David Lopez and

---

[1] In addition to David Lopez, Barno named as Defendants in his original Complaint: S. Avila-Beccera; J. Arrellano; Johnson (female Segregation Officer); F. Madruga; C. Frazier; J. Corral; and J. Zamora.

[2] 28 U.S.C. § 1915A(a).

Claim Two, to the extent that Johnson labeled Barno as a "snitch," sufficiently stated a cause of action.  The Court dismissed it without leave to amend as against J. Corral and J. Zamora, and dismissed it with leave to amend as against S. Avila-Beccera, J. Arrellano, Johnson, F. Madruga, and C. Frazier. The Court granted Barno leave to elect to either proceed on Claim One against Lopez and Claim Two as against Johnson or to elect to amend his Complaint.[3]  In that Order the Court gave Barno explicit, detailed instructions as to the form and content required in preparing and filing his Amended Complaint.

In response thereto at Docket 10 Barno has filed a document entitled Amended Civil Rights Complaint Under 42 U.S.C. 1983 (State Prisoner). The Court screens amended complaints using the same standards used in screening the original Complaint. A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case.[4]

## II.   GRAVAMEN OF AMENDED COMPLAINT

Barno's original Complaint is dated April 13, 2016.  In his Amended Complaint, which spans the period between on or about January 19 and March 23, 2016, asserts numerous claims against Lopez, Avila-Beccera, Johnson, and Frazier.  These claims are summarized as follows:

---

[3]  Docket 9.

[4]  6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. & Proc. Civ., § 1476 (2d ed.); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Loux v. Ray*, 375 F.2d 55, 57 (9th Cir. 1967).

<u>Lopez</u>. Alleges that on January 19, 2016, while Lopez was placing Barno in the Administrative Segregation Unit Lopez used excessive force by hitting Barno in the head twice and slamming Barno's head against the wall. Barno further alleges that Lopez labeled him a "snitch," and interfered with Barno's right to file administrative appeals.

<u>Avila-Beccera</u>. Alleges that on various dates between January 31 and March 23, 2016, Avila-Beccera:  (1) obstructed Barno's attempts to seek redress for grievances; (2) threatened Barno with assault if Barno did not cease fling grievances; (3) denied Barno unspecified meals during a three-week period; (4) failed to deliver Barno's legal mail to the CSATF mail room; (5) threatened Barno with false and fabricated disciplinary proceeding; and (6) denied Barno showers on several occasions.

<u>Johnson</u>. Alleges that Johnson:  (1) labeled Barno a "snitch," placing Barno in danger of assault by a fellow inmate: (2) denied Barno part or all of his breakfast on two occasions; (3) denied Barno toilet paper and access to the law library; and (4) confiscated Barno's clothes as a result of which Barno was denied outdoor exercise.

<u>Frazier</u>. Alleges that Frazier, the official who conducted a disciplinary proceeding: (1) retaliated against Barno by confiscating Barno's television and imposing other punitive measures; (2) altered and falsified documents as a cover-up; and (3) threatened to issue another disciplinary report to dissuade Barno from pursuing his internal appeals.

## III.   DISCUSSION

In its initial Order the Court set forth in detail the law applicable to Barno's claims. Consequently it does not restate that law herein.

Much of Barno's Amended Complaint is couched in merely conclusory terms without supporting specific factual details. As the Court explained in its initial Dismissal, mere conclusory allegations are insufficient.[5] To a some extent Barno's allegations are also overly broad. For example, Barno alleges that during the period February 2 through February 22, 2016, Avila-Baccera denied Barno meals but does not specify which particular meals were denied during that period. This is particularly the case here where the lack of specific facts render the allegation inherently improbable. Barno should allege each date he was denied a meal and which meals he was denied on that date.

Finally, in his Amended Complaint Barno not only fails to cure most of the defects noted by the Court in dismissing his original Complaint, but fails to follow the specific instructions given by the Court in its Order. Specifically, Barno failed to attach to the Amended Complaint all documents evidencing his attempts to exhaust his administrative remedies with respect to each particular claim as against each Defendant. In further amending the complaint Barno must refer to and attach the specific documents evidencing the exhaustion of each specific claim, or provide an explanation as to why he should be excused from exhausting that claim. *Barno is cautioned that, if raised by the Defendants, the failure to properly exhaust will result in dismissal at an early stage of the proceeding. In this case, given the time frame involved, a likely outcome*.

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV.    ORDER

Because it fails to comply with the Court's directions, the Amended Civil Rights Complaint Under 42 U.S.C. 1983 (State Prisoner) at Docket 10 is hereby **DISMISSED** in its entirety.[6]

Barno is granted through and including **August 31, 2016**, in which to file a Second Amended Complaint consistent with this Order and the prior Dismissal Order.  In amending his Complaint Barno is again cautioned that he *must*:

1.    Adhere to the Federal Rules of Civil Procedure regarding pleadings, in particular, Rule 8(a), which provides—

> (a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
>     (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>     (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>     (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

2.    Use and follow the instructions for completing the form provided by the Clerk of the Court.

3.    With respect to each claim plead without legal argument or citation to authority the facts entitling him to relief:  (1) the identity of the person doing the act; (2) description of the act and the date it occurred; (3) the harm/injury suffered as a result; and (4) the specific relief requested, e.g., amount of monetary damages.

---

[6] *See* Fed. R. Civ. P. 41(b).

4.      Separate acts, whether different in time or nature, must be pleaded as separate claims.

5.      Sequentially number paragraphs, and attach copies of all documents referred to in the body of the complaint to the extent that copies of such documents are within his possession, custody, or control.

6.      With respect to each claim as against each defendant affirmatively plead that he has exhausted his available administrative remedies or was prevented by circumstances beyond his control from exhausting his administrative remedies and, to the extent they are in his possession, custody, or control, attach to the Amended Complaint copies of all documents evidencing such exhaustion.

**In the event Plaintiff fails to file an amended complaint consistent with this Order within the time specified, or such later time as the Court may order, a judgment of dismissal may be entered without further notice.**

**IT IS SO ORDERED** this 20th day of July, 2016.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE