UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY B. BARNO,<br><br>           Plaintiff,<br><br>vs.<br><br>DAVID LOPEZ, *et al.*,<br><br>           Defendants. | Case No. 1:16-cv-00576-RRB<br><br>**ORDER DISMISSING COMPLAINT** |

Rodney B. Barno, a California state prisoner appearing *pro se* and *in forma pauperis*, filed this action under the Civil Rights Act, 42 U.S.C. § 1981, and the Declaratory Relief Act, 28 U.S.C. §§ 2201, 2202, against various officials employed by the California Department of Corrections and Rehabilitation.[1] Barno's action arises out of his incarceration at the California Substance Abuse Treatment Facility–Corcoran ("CSATF"). Barno is currently incarcerated at the California State Prison, Soledad.

## I. BACKGROUND/PRIOR ORDERS

In screening Barno's Complaint the Court found that the Complaint stated an excessive force cause of action against Lopez for excessive force and Johnson for labeling Barno as a snitch. The Court dismissed all other claims. The Court granted Barno the

---

[1] In addition to David Lopez, Barno named as Defendants: S. Avila-Reccera; J. Arrellano; Johnson (female Segregation Officer); F. Madruga; C. Frazier; J. Corral; and J. Zamora.

option of proceeding on his Complaint as against Lopez and Johnson or filing an Amended Complaint. The Court also gave Barno specific instructions to follow in the event that he elected to file an Amended Complaint.[2]

In response to the Court's Order Barno elected to file an Amended Complaint against Lopez, Avilla-Beccera, Johnson and Frazier.[3] In screening the Amended Complaint, the Court found that, in addition to failing to cure most of the defects noted in dismissing the Complaint, Barno failed to attach to his Amended Complaint the documents evidencing his attempts to exhaust his administrative remedies. The Court dismissed the First Amended Complaint in its entirety for failing to comply with the Court's directions with leave to amend consistent with the Court's orders.[4]

In response to the Court's second dismissal order Barno filed a document entitled "Motion for Relief from Court's Dismissal Order; Notice of Intent Not to Amend First Amended Complaint."[5] In that document Barno essentially argues that, in requiring that he provide more specific factual allegations and that he plead facts showing he has exhausted his administrative remedies, the Court misconstrued and misapplied the requirements of Rule 8. In addition to disagreeing with the Court, Barno has clearly and unequivocally indicated that has no intent to further amend his complaint.[6]

---

[2] Docket 9.

[3] Docket 10.

[4] Docket 11.

[5] Docket 12.

[6] Citing *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) [dismissing the appeal on the basis that the appellant neither filed an amended complaint nor obtain a final

## II.  DISCUSSION

This Court may dismiss for failure to comply with a court order or rule *sua sponte*.[7] In so doing, this Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.[8]

In this case, weighing those factors to the extent that they may be applicable, this Court concludes that dismissal without prejudice presents a proper balance.  In particular, the Court notes that Barno has clearly and unequivocally indicated that he has no intent to comply with the Court's Order to further amend his Complaint.[9]

## III.  ORDER

Accordingly the First Amended Complaint on file herein is hereby **DISMISSED** in its entirety without prejudice.

This Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of his claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further other than by an

---

judgment] and *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (*en banc*) [holding that the PLRA authorized dismissal with leave to amend and that leave to amend should be granted if it appears that it is at all possible that a prison can correct the defects].

[7] Fed. R. Civ. P. 41(b); *see Hells Canyon Preservation Council v. U. S. Forest Serv.* 403 F.3d 683, 689 (9th Cir. 2005); *Yourish v. California Amplifier*, 191 F.3d 983, 986–87 (9th Cir. 1999).

[8]  *See Pagtalunan v. Galaza*, 291 F.2d 639, 642 (9th Cir. 2002).

[9]  This is evident by his citations to *WMX Industries* and *Lopez*.

appropriate amendment consistent with the Court's Order.  Any appeal would be frivolous or taken in bad faith.[10]  Therefore, Barno's *in forma pauperis* status is hereby **REVOKED**.

The Clerk of the Court to enter final judgment accordingly.

**IT IS SO ORDERED** this 8th day of August, 2016.

S/ RALPH R. BEISTLINE<br>UNITED STATES DISTRICT JUDGE

---

[10] 28 U.S.C. § 1915(a)(3); *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is appropriate if the appeal is frivolous).

ORDER DISMISSING COMPLAINT
*Barno v. Lopez*, 1:16-cv-00576-RRB – 4